UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN KNOWLES, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:19-cv-03877-SEB-DLP |
| ) | |
| ROSA MOSAIC AND TILE COMPANY, et ) | |
| al. | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN CASE AND LIFT STAY AS TO VESTA TILE & STONE, LLC**

This cause is before the Court on Plaintiffs' Motion to Reopen Case and Lift Stay as to Vesta Tile & Stone, LLC [Dkt. 107], filed on August 23, 2021. Plaintiffs initially filed this action on September 12, 2019, pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 *et seq.* alleging in Count I that Defendant Vesta Tile & Stone LLC ("Vesta Tile") and Defendant Rosa Mosaic and Tile Company ("Rosa Mosaic") as a single employer are jointly and severally liable for unpaid benefits owed to union employees and, in Count II, that Vesta Tile is the successor and/or alter ego of Rosa Mosaic such that Vesta Tile is thus liable to the Plaintiffs for all of Rosa Mosaic's debts and obligations. *See* Am. Compl. ¶¶ 8, 11. This litigation was stayed and procedurally closed on August 17, 2021, after Rosa Mosaic filed for bankruptcy, which remains pending. Plaintiffs seek an order to reopen the case, allowing them to pursue their claims solely against Vesta Tile. For the reasons explicated below, Plaintiffs' motion is <u>GRANTED</u>.

1

I.     Background

In this litigation, Plaintiffs allege that Rosa Mosaic entered into successive collective bargaining agreements with the Bricklayers Local 4 Union pursuant to which it is required to pay specified wages and make periodic contributions to the Funds on behalf of its tile and terrazzo employees. Am. Compl. ¶ 5. In Count I of their amended complaint, Plaintiffs assert that Vesta Tile and Rosa Mosaic constitute a single employer, and, as a result, Vesta Tile is liable for unpaid benefits owed to their bargaining unit employees and must adhere to the terms of the Rosa Mosaic collective bargaining agreement ("CBA"). *Id.* ¶ 7. Plaintiffs maintain that the same individuals control the labor relations policy making of the companies and that the companies share common employees, equipment, materials, and jobs. *Id.* Plaintiffs request judgment be entered in their favor and against Rosa Mosaic and Vesta Tile jointly and severally for the benefits owed but unpaid to the union employees. *Id.* ¶ 8(A).

On the same grounds, Plaintiffs assert in Count II of their amended complaint that Vesta Tile is the successor and/or alter ego of Rosa Mosaic and that Vesta Tile was set up to evade Rosa Mosaic's CBA with the Union. *Id.* ¶ 10. Plaintiffs request that the Court enter an order holding that Vesta Tile is the alter-ego of Rosa Mosaic and is liable to the Plaintiffs for all debts and obligations of Rosa Mosaic. *Id.* ¶ 11(E).

On October 15, 2020, Defendants jointly filed a motion for summary judgment asserting that Plaintiffs' claims fail as a matter of law because Rosa Mosaic and Vesta Tile are distinct legal entities with separate operations. *See* dkt. 81. On May 27, 2021, Plaintiffs filed, and the Court granted, the parties' Agreed Motion to Stay the Court's

decision on Defendants' Motion for Summary Judgment until June 15, 2021, pending settlement negotiations. Dkt. 101; Dkt. 102. Although the parties did indeed engage in settlement discussions, they were ultimately unable to reach an agreement. *See* dkt. 103 at 1–2. Thus, the Court granted Plaintiffs subsequent motion to lift the stay on Defendants' Motion for Summary Judgment on July 6, 2021. Dkt. 104.

However, on August 12, 2021, Defendant Rosa Mosaic notified the Court that it had filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Western District of Kentucky on August 6, 2021. Dkt. 105; *see also In re Rosa Mosaic & Tile Company*, No. 21-31649 (Bankr. W.D. Ky. filed Aug. 6, 2021). Thus, this action was stayed and procedurally closed on August 17, 2021. In our Order Staying Proceedings, we stated that "[u]pon the completion of the bankruptcy proceedings, either party may move to reopen this case and lift the stay for the purpose of dismissing the case with prejudice, or for any other proper purpose." Dkt. 106 at 1–2. Plaintiffs' counsel filed appearances in the U.S. Bankruptcy Court case on behalf of the union employees to collect the alleged unpaid benefits owed to Rosa Mosaic's union employees and have actively participated in the bankruptcy proceedings since that time. *See, e.g.*, *In re Rosa Mosaic & Tile Company*, No. 21-31649 at dkt. 51 (Bankr. W.D. Ky. filed Aug. 6, 2021).

On August 23, 2021, Plaintiffs moved to reopen this case and lift the stay but only as to Vesta Tile & Stone LLC. Dkt. 107. Rosa Mosaic's bankruptcy proceeding remains pending in the U.S. Bankruptcy Court for the Western District of Kentucky and a Chapter 11 reorganization plan has not yet been filed.

## II. Discussion

Plaintiffs allege that the Court should reopen the case and lift the stay only as to Vesta Tile because: (1) Vesta Tile has not filed for bankruptcy and thus is not entitled to the protection of the automatic stay; (2) Plaintiffs' claim that Vesta Tile is a single employer or alter ego is not inconsistent with its motion to reopen the case; and (3) there is no judicial efficiency achieved by staying the litigation. Dkt. 109 at 2. In support of these assertions, Plaintiffs argue that an automatic stay issued pursuant to 11 U.S.C. §362(a)(1) protects only a debtor in a bankruptcy case, property of a debtor, and property of a debtor's bankruptcy case. Thus, Rosa Mosaic's bankruptcy does not affect the liability of Vesta Tile. A continued stay of this litigation will result in nothing more than undue delay.

Defendant Vesta Tile responds that one of Rosa Mosaic's objectives in the bankruptcy case is to restructure the claims asserted by Plaintiffs in this litigation in the form of a Chapter 11 plan of reorganization. Dkt. 108 at 2. Vesta Tile maintains that it is judicially efficient (and cost-efficient for the parties) to allow the district court case to remain stayed during the pendency of the bankruptcy case. *Id.* at 3. Vesta Tile further notes that given that the theory of Plaintiffs' case is that there is no legal distinction between the Defendants, the pending Motion to Reopen reflects an inconsistent view—that Plaintiffs should be allowed to proceed solely against Vesta Tile, despite Rosa Mosaic's interests remaining unresolved in the bankruptcy proceedings.

Plaintiffs argue that the case against Vesta Tile can proceed without jeopardizing Rosa Mosaic's bankruptcy because the bankruptcy does not affect Vesta Tile's liability.

4

Plaintiffs cite case law to support the lifting of the stay, including *Chicago Truck Drivers, Helpers & Warehouse Workers v. Tasemkin, Inc.*, 59 F.3d 48 (7th Cir. 1995) and *McCleskey v. CWG Plastering, LLC*, 897 F.3d 899 (7th Cir. 2018).[1] However, these cited cases are not directly analogous to the facts of our case. First, Plaintiffs maintain that *Tasemkin* reflects the Seventh Circuit's view that claims may proceed against successor entities *after* bankruptcy. True enough, but the operative word is, of course, "after." In *Tasemkin*, the Seventh Circuit held that "this case does not directly implicate the Bankruptcy Code, since the underlying bankruptcy proceeding is long over." *Tasemkin*, 59 F.3d at 50 n.2. That claim was allowed to proceed because it was brought against a new entity based on the doctrine of successor liability after the underlying bankruptcy proceedings had concluded. *Tasemkin* falls short of providing support for Plaintiffs' request to lift the automatic stay as to the nonbankrupt defendant, while allowing the stay to remain in place as to the other defendant who is still actively involved in a pending bankruptcy proceeding.

Plaintiffs also rely on the holding in *McCleskey* for the proposition that the business bankruptcy of one entity does not prevent pursuit of an alter ego claim brought against a second, allegedly related business. However, in citing this holding Plaintiffs have misconstrued the Seventh Circuit's decision remanding the case to the district court

---

[1] Plaintiffs also cite *In re: Caesars Entertainment Operating Co., Inc. et al.* 549 B.R. 637, 641 (Bankr. N.D. Ill. 2015) in support of their contention that an automatic stay under section 362(a) does not protect non-debtors and their property. However, the citation provided by Plaintiffs, when searched, does not produce this case. The citation leads to the case *In re Abell*, 549 B.R. 631 (Bankr. D. Md. 2016), which does not align with Plaintiffs' assertions.

after summary judgment was granted in favor of the second business after the court found that there were issues of material fact surrounding the substantial similarities alleged between the businesses. Thus, the court's holding was not grounded on, or even related to, a pending bankruptcy proceeding, as Plaintiffs suggest. *See McCleskey*, 897 F.3d at 905. Further, in *McCleskey*, a judgment had been entered against the first business prior to the time it filed for bankruptcy, such that the amount of money owed to the union plaintiffs had already been determined. *Id.* at 903–04.

In the case before us here, we have not determined whether Rosa Mosaic and Vesta Tile are alter ego entities due to the stay imposed prior to the entry of a decision on Defendants' joint motion for summary judgment. Plaintiffs are correct in asserting that Vesta Tile is not listed as a debtor in Rosa Mosaic's pending bankruptcy proceedings; hence, the automatic stay extended to Rosa Mosaic does not "automatically" include Vesta Tile. Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as an automatic stay as to certain actions that were brought, or could have been brought, against the debtor. *See* 11 U.S.C. § 362. Despite the inaptness of Plaintiffs' cited cases, Defendant has provided the court with not a single case law or statutory citation that supports its assertion that the action *must* remain stayed as to both Vesta Tile and Rosa Mosaic.

Our own research disclosed an analogous case that provides helpful guidance to us. In *Pavers & Rd. Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*, 536 B.R. 48 (E.D.N.Y. 2015), the administrators of an ERISA pension fund brought suit to recover unpaid pension contributions from four related corporate defendants

6

alleging that each defendant was the alter ego of the others and thus jointly and severally liable for one another's debts. *Id.* When one of the defendants filed for Chapter 11 bankruptcy relief, defendants asserted that the action should be stayed as to all defendants, pursuant to the Bankruptcy Code's automatic stay. *Id.* at 50 (citing 11 U.S.C. § 362(a)(1)). The court ruled that the mere fact that "two entities are *alter egos* does not make them both debtors under the Bankruptcy Code. It simply means they are liable for each other's debts. If the non-debtor entity wants that protection, it need only file its own petition." *Id.* at 51 (emphasis in original). The *Pavers* court noted as well that the Bankruptcy Court, either itself or on motion of the debtor or other party in interest, can extend the protection of the automatic stay to non-debtor entities in some circumstances. For example, it held, "in confirming a plan of reorganization under Chapter[] 11 . . . a Bankruptcy Court may authorize a provision that prevents litigation against specified non-debtor parties." *Id.* at 52. This ruling means that while the automatic stay is automatic as applied to the debtor, in terms of its applicability to non-debtors, the automatic stay represents merely a form of relief that is available, but not automatic. *See id.* at 53.

The reasoning in *Pavers* is persuasive here as well. The Rosa Mosaic bankruptcy filing makes no reference to Rosa Mosaic and Vesta Tile as intertwined entities.[2] Vesta

---

[2] Vesta Tile is mentioned only twice in the bankruptcy petition. First, Vesta Tile is listed under the heading "Certain Transfers Made Before Filing for Bankruptcy" which states that Rosa Mosaic made a $10,215.00 transfer to Vesta Tile on July 14, 2021. *In re Rosa Mosaic & Tile Company*, No. 21-31649 at dkt. 1 (Bankr. W.D. Ky. filed Aug. 6, 2021). Second, the list in the petition of litigation that the debtor has been involved in in any capacity one year before filing the bankruptcy case includes Vesta Tile's name drawn from the case caption. *Id.*

7

Tile has not filed for bankruptcy and neither Rosa Mosaic nor Vesta Tile (as another party in interest) sought an injunction in the bankruptcy proceeding under 11 U.S.C. § 105(a) to foreclose litigation against Vesta Tile during the pendency of Rosa Mosaic's bankruptcy proceedings. Thus, we hold that Plaintiffs are entitled to proceed with their claims against Vesta Tile, during the pendency of Rosa Mosaic's bankruptcy proceeding.

### III.   Defendants' Pending Motion for Summary Judgment

Rosa Mosaic and Vesta Tile's jointly filed Motion for Summary Judgment [Dkt. 81] was pending at the time this case was procedurally closed on August 17, 2021. Although Defendants insist that they are "distinct entities with a purposeful and comprehensive separation of their operations," their briefing suggests otherwise, in that their legal positions are closely intertwined. *See* dkt. 82; dkt. 97. Nonetheless, the claims against Vesta Tile may proceed, but Vesta Tile is granted leave to file a revised motion for summary judgment, if it chooses to do so. The revised motion for summary judgment must be filed no later than **March 11, 2022**, and a response from Plaintiff by **April 11, 2022**. Accordingly, Defendants' joint motion for summary judgment [Dkt. 81] is DENIED AS MOOT.

### IV.   Conclusion

Vesta Tile, as a non-debtor entity, is not entitled to the benefits of the automatic stay extended to Rosa Mosaic as a debtor in a Chapter 11 bankruptcy proceeding. Therefore, Plaintiffs' Motion to Reopen Case and Lift Stay as to Vesta Tile & Stone, LLC is GRANTED. Dkt. 107. Because Defendant Rosa Mosaic's bankruptcy remains pending, Defendants' joint motion for summary judgment is DENIED AS MOOT, with leave

8

granted to Vesta Tile to refile an amended and revised motion for summary judgment, if it chooses to do so. Dkt. 81.

IT IS SO ORDERED.

Date: 2/11/2022

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jacob Wayne Crouse
SMITH & SMITH ATTORNEYS
jwc@smithandsmithattorneys.com

Kevin Michael Norris
SMITH & SMITH ATTORNEYS
kmn@smithandsmithattorneys.com

Grant R. Piechocinski
ARNOLD & KADJAN
gp@aandklaw.com

Donald D. Schwartz
ARNOLD & KADJAN
dds@aandklaw.com

James U. Smith, III
SMITH & SMITH
jus@smithandsmithattorneys.com